IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RUTH H. S., | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 24-cv-5117 |
| | : | |
| FRANK BISIGNANO, | : | |
| *Commissioner of Social Security*, | : | |
| Defendant. | : | |

## **<u>MEMORANDUM OPINION</u>**

**CRAIG M. STRAW**                                                                **February 27, 2026**
**United States Magistrate Judge**

In 2022, Plaintiff filed applications for both disability insurance benefits ("DIB") and

supplemental security income ("SSI") benefits, but they were denied at the administrative level.

R. 27.  Plaintiff then challenged the denial of benefits in federal court.  Doc. 1.  During the

federal action, Defendant filed an Uncontested Motion to Remand, which was granted.  Docs. 9,

11.  The case was remanded for further administrative proceedings, and Plaintiff was awarded

past-due benefits.  Docs. 11, 16, at 1.

Before the Court is attorney Joshua B. Goldberg's[1] motion for an award of attorney's

fees pursuant to 42 U.S.C. § 406(b).  Docs. 15, 16.  For the reasons explained below, I grant the

motion, in part, and deny it, in part.

---

[1] Attorney Goldberg explains that Patrick J. Best, Esquire of the ARM Lawyers represented
Plaintiff in the federal action, however, Best was no longer representing her because Best was
elected to the Monroe Court of Common Pleas and joined the bench in January 2026.  Doc. 15,
at 1-2.  Therefore, Goldberg filed the motion for Best on behalf of his former firm, ARM
Lawyers.  <u>Id.</u>

I.       **<u>PROCEDURAL HISTORY</u>**

Plaintiff applied for benefits claiming an alleged disability onset date beginning November 20, 2018.  Doc. 6, at 1; R. 27, 89.  The claims were initially denied and were denied on reconsideration.  Doc. 6, at 1; R. 27.  After a telephone hearing, the ALJ denied Plaintiff's benefits in a decision issued December 22, 2023.  R. 27, 41-42, 51.  Plaintiff sought review of the decision; the Appeals Council denied the request.  R. 1-3.  Therefore, the ALJ's decision became the final decision of the Social Security Commissioner.  R. 2; 20 C.F.R. §§ 404.981, 416.1481.

On September 25, 2024, Plaintiff initiated a civil action in this court requesting review of the Commissioner's final decision.  Doc. 1.  Plaintiff filed her Brief and Statement in Support of Request for Review and, in response, Defendant filed an Uncontested Motion to Remand.  Docs. 6 & 9.  On January 28, 2025, the Court granted the motion, and the case was remanded for further administrative proceedings.  Doc. 11.  The partes filed a joint stipulation and on February 12, 2025, this Court entered an order directing Defendant to pay Patrick J. Best, Esquire $3,000.00 in attorney's fees and $405.00 in costs under the Equal Access to Justice Act (EAJA) for attorney work performed in the federal action resulting in the remand.  Docs. 5, 12, 13.

On remand, Plaintiff was awarded past-due benefits.  Doc. 16, at 1-2.[2]  Plaintiff's retainer agreement with ARM Lawyers provides, in part, that Plaintiff "agree[s] to pay a fee of 25% of my past due benefits.  [Plaintiff] agree[s] that if [her] attorney becomes entitled to a fee up to 25% of the past due benefits for work before the court under 42 USC Section 406(b), that [her] attorney will credit the amount of the EAJA fee received and collect a fee net of the EAJA."

---

[2] The past due benefits awarded totaled $163,072.00.  Doc. 16, at 1.

Doc. 16-1, at 1.

On January 29, 2026, attorney Goldberg filed a motion for an award of attorney's fees under 42 U.S.C. § 406(b).  Docs. 15, 16.  He seeks $40,768.00 or 25% of the past due benefits.[3] Doc. 16, at 1-2; 42 U.S.C. § 406(b).  Counsel states that if that amount is awarded, he will refund the $3,000.00 EAJA fee previously awarded to the Plaintiff for a total fee award of $37,768.00. On February 8, 2026, the Commissioner responded it has no direct financial stake in the outcome of the motion so it "neither supports nor opposes counsel's request . . . ."  Doc. 17, at 1.

## II.    LEGAL STANDARD

The relevant provision of the Social Security Act provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter [i.e., Title II] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such a representation, not in excess of 25 percent of the total of the past-due benefits . . . .

42 U.S.C. § 406(b)(1).  Even when the fee does not exceed the 25% threshold, the Court must still assure that the attorney does not receive a "windfall."  Gisbrecht v. Barnhart, 535 U.S. 789, 808 (2002).  As part of that assessment, the Court will independently consider the reasonableness of the award.  Gisbrecht, 535 U.S. at 807 n.17.  The attorney seeking the fee award has the burden to prove the request is reasonable.  Id.  The windfall analysis is "not 'a way of reintroducing the lodestar method" to evaluate the reasonableness of the award, and "even a relatively high hourly rate may be perfectly reasonable, and not a windfall, in the context of a given case."  Denise W. v. Comm'r Soc. Sec., No. 18-cv-13465, 2024 WL 4189302, at *2 (D.N.J. Sept. 11, 2024).

---

[3] 28 U.S.C. § 2412.

Relevant factors when assessing the reasonableness of an award may include but are not limited to any delay for which the attorney is responsible, whether the benefits are large in comparison to the time counsel spent on the case, and counsel's experience. See Risser v. Kijakazi, No. 18-4758, 2022 WL 1308512, at *2 (E.D. Pa. May 2, 2022) (citing Gisbrecht, 535 U.S. at 808); Mignone v. Comm'r of Soc. Sec., No. 13-cv-6054, 2018 WL 259949, at *1 (D.N.J. Jan. 2, 2018) (citations omitted). The Court may also account for the inherent risk of accepting Social Security cases on a contingent basis. See, e.g., Tschudy v. Comm'r of Soc. Sec., No. 18-3424, 2020 WL 3316403, at *1 (D.N.J. June 18, 2020) (citing risk inherent in taking cases on contingency basis as factor to consider when determining reasonableness of award). Finally, the Court may consider the number of hours spent representing the claimant and counsel's normal hourly rate. See Shackles v. Barnhart, No. 04-cv-0822, 2006 WL 680960, at *1 (E.D. Pa. March 15, 2006); Tschudy, 2020 WL 3316403, at *1. A downward adjustment in attorney's fees may be warranted "[i]f the benefits are large in comparison to the amount of time counsel spent on the case." Gisbrecht, 535 U.S. at 808 (citations omitted). In Social Security cases, attorney's fees may be awarded under both the EAJA and § 406(b), but the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee." Id. at 796.

## III.    **DISCUSSION**

Goldberg seeks $40,768.00 in attorney's fees pursuant to his agreement with Plaintiff. Doc. 15, at 1; Doc. 16-1, at 1. After careful consideration, the Court finds a reduction of the requested award to $16,500.00 is appropriate to prevent a windfall.

Some factors weigh in favor of the § 406(b) award sought. First, no delay can be attributed to Best or Goldberg in this case and the motion for fees was promptly filed after

benefits were awarded.  Risser, 2022 WL 1308512, at *2.  Additionally, Best has extensive legal experience as he has been practicing for over twenty-five years, mostly in the social security field, and was recently appointed to the bench of the Monroe Court of Common Pleas.  Id.; Doc. 15, at 1-2; Doc. 16-2, at 1-2.  Best also took a significant risk when he decided to take on Plaintiff's social security case on a contingent basis.  Tschudy, 2020 WL 316403, at *1.  He ultimately prevailed, securing a $163,072.00 benefits award for Plaintiff.  Doc. 16, at 1.

When evaluating the reasonableness of the award, however, the corresponding hourly rate gives the Court pause.  Gisbrecht, 535 U.S. at 807 n.17.  Specifically, the de facto hourly rate Goldberg requests—based on the $40,768.00 fee award he seeks for 12 hours of work[4]—is $3,397.22 per hour or $3,147.33 per hour, after reducing the award by the $3,000.00 EAJA award.  See Doc. 16, at 4.  Best and Goldberg provide in the affidavit that their non-contingent rate for social security cases is $400, although they expect more when cases are won on a contingent basis to offset the risk of accepting the case.[5]  See Leak v. Bisignano, No. 23-cv-1817, 2025 WL 164433, at *2 (M.D. Pa. June 9, 2025) (noting although lodestar analysis might not be proper basis for award, Court may consider as "measuring stick" normal rates for services in district and court attorney in question usually charges)  Doc. 16, at 3-4.  Importantly, the time

---

[4] Goldberg represents the actual amount of time Best worked on the federal case exceeded the twelve (12) hours of itemized time on his motion for attorney's fees.  Doc. 16, at 4; Doc. 16-3, at 1-2.  However, Plaintiff's counsel does not submit any additional documentation showing the number of hours counsel spent working on the case in excess of the twelve (12) hours, noting only that he reduced the itemized amount of time in anticipation of negotiating the EAJA fee.  Id.
[5] Counsel also states the "average fee customarily charged in this locality (the Commonwealth of Pennsylvania) for similar legal services [using consumer law as an example] . . . for an attorney of comparable experience (26-30 years) is $588.00 per hour according to the Percentage fees in contingent cases range from 20 percent in workers' compensation cases to 40 percent in personal injury cases."  Doc. 16, at 3-4.

counsel spent on the case, though successful, was not substantial.  Counsel filed a seven-page brief addressing only one "limited issue,"[6] and the representation of Plaintiff in federal court spanned only a year and a half.  Doc. 6, at 2; Doc. 16, at 4.

While the Court generally endeavors to honor contingency-fee agreements in the social security context within the 25% threshold, the Court finds it appropriate, under these circumstances, to reduce the award of attorney's fees to prevent a windfall.  Accordingly, the Court will reduce the amount requested and award counsel $16,500.00 in attorney's fees.  When the $3,000 EAJA award is deducted, the attorney's fee award will total $13,500.00 for twelve (12) hours of work.  This equals an hourly rate of $1,125—almost three times counsel's regular rate of $400 per hour (or almost twice the $588 hourly rate), which is on the highest end of what courts in this Circuit have found reasonable under similar circumstances when evaluating fees under § 406(b).[7]  See, e.g., Jones v. Bisignano, 20-cv-12116, 2025 WL 2300722, at *1 (D.N.J. Aug. 8, 2025) (allowing $1,412.19 rate per hour as reasonable, in part, because benefit award was not large compared to time expended by well-experienced counsel and when time between application and favorable resolution was five years); Wells v. Comm'r of Soc. Sec., 20-cv-

---

[6] The issue concerned the definition of past relevant work and what version of the definition should apply to determine whether Plaintiff was disabled.  Doc. 6, at 1-7.

[7] Counsel asserts that "he has received fees comparable to the fee requested pursuant to 42 U.S.C. § 406(b) in other social security cases, both in court and before the SSA."  Doc. 16, at 3. He cites to one case, Brady v. Saul, No. 15-cv-00477 (M.D. Pa. Jan. 21, 2021), stating he was awarded $38,473,15 in fees for that case.  The Court cannot calculate the de facto hourly rate for the Brady case since the Court cannot access the motion, and counsel has not provided the number of hours he worked on the case.  Additionally, counsel does not cite to any other cases from this circuit finding hourly de facto rates in social security cases reasonable that are close to the $3,000.00 plus hourly rate counsel seeks, although other circuits have found awards reasonable with higher rates under special circumstances.

10259, 2024 WL 447768, at *1-2 (D.N.J. Feb. 6, 2024) (approving imputed hourly rate of $1,056.34 in social security case as reasonable while noting it was on high side of previously approved rates in contingency cases carrying risk of non-recovery); Denise W., 2024 WL 4189302, at *3 (holding imputed hourly rate of $1007.47 for 27.45 hours was reasonable which was three times higher than non-contingent hourly rate); Gonzales v. Comm'r Soc. Sec., No. 10-3735, 2017 WL 6513349, at *2-*3, n. (D.N.J. 2017) (finding de facto hourly rate of $1,149.90 (or $992.82 after EAJA fees were subtracted) was not unreasonable windfall when attorney's regular hourly rate was $525, he took on very difficult case with outstanding results, and recovered disability benefits for widow and children); Wilson v. Astrue, 622 F. Supp. 2d 132, 133-34 (D. Del. 2008) (approving fee award resulting in hourly rate of $1,155.69 for experienced social security attorney who obtained favorable result in difficult case after Plaintiff had unsuccessfully spent six years trying to win benefits from Social Security Administration); see also Perez v. Barnhart, No. 02-3779, 2006 WL 781899, at *2 (E.D. Pa. March 23, 2006) (reducing overall fee award from $17,712.11 to $11,080.61 for resulting de facto hourly rate of $644.22 which included EAJA fee deduction).

## IV.    CONCLUSION

For the reasons previously discussed, Plaintiff's Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b) (Docs. 15, 16) is **GRANTED, in part, and DENIED, in part**.  The attorney's fee award pursuant to § 406(b) is reduced from $40,768.00 to $16,500.00.  Goldberg is directed to remit the previously paid EAJA award of $3,000 directly to Plaintiff upon receipt of the sum of $16,500.00.  An appropriate order follows.